# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **WILLIE FLOYD WILLIAMS, JR.,** and **MICKLE JERMAINE JACKSON,** | : : : : : | |
| **Plaintiffs,** | : : | |
| v. | : : | **Case Number: 7:04-CV-124** |
| **CLINCH COUNTY, GEORGIA; WINSTON PETERSON, Sheriff of Clinch County, in his official and individual capacities; and SISSY SUGGS, Deputy Sheriff of Clinch County, in her official and individual capacities,** | : : : : : : : : | |
| **Defendants .** | : | |

## ORDER

Before this Court is Plaintiffs' motion to amend their complaint (Doc. 23) and Plaintiffs' motion to extend discovery (Doc. 24). For the reasons set forth below, both motions are granted.

## I.   Motion to Amend

In response to Plaintiffs' motion to amend, Defendants indicate that they have no objection to the filing of the amended complaint. Therefore, under Federal Rule of Civil Procedure 15(a), Plaintiffs' motion is granted. Exhibit 1, which was attached to Plaintiffs'

-1-

motion to amend, shall become the operative complaint in this case.

Additionally, Defendants want to know their deadline for answering the amended complaint.  With no citation to authority or explanation, Defendants state that "their obligation to file a responsive pleading to the Amended Complaint will begin on the date of *entry* of an Order . . . granting Plaintiffs' Motion to Amend." (Defs.' Resp. Plfs.' Mot. Am Compl. at 1, Doc. 25) (emphasis added.)  In the specific context of this case, they are correct.

Under Rule 15(a), "a party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after *service* of the amended pleading, whichever period may be the longer, unless the court otherwise orders." Fed. R. Civ. P. 15(a) (emphasis added).  Since the time remaining for response to the original pleading has passed, the 10-day period applies.  By its terms, the 10-day period is triggered by "service" of the amended pleading, not just filing it with the Court.  But, service and filing with the Court do not have to be mutually exclusive.  Therefore, the Court must determine whether the filing of the proposed amended complaint effected service on Defendants.

Regarding who must be served, Rule 5(a) states, "every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants . . . shall be served upon each of the parties."  Fed. R. Civ. P. 5(a).  "Service under Rule[] 5(a) . . . on a party represented by an attorney is made on the attorney unless the court orders service on the party."  Fed. R. Civ. P. 5(b)(1).  To that extent, it is no surprise that amended pleadings may be served on an attorney who represents a party to a lawsuit.  Cohn v. Columbia Pictures Corp., 9 F.R.D. 204, 205 (S.D.N.Y. 1949).

Regarding how service must be perfected, Rule 5(b)(2)(D) states service can be made electronically "through the court's transmission facilities." Fed. R. Civ. P. 5(b)(2)(D). In a standing order entered on November 29, 2004, the Court, speaking through Chief Judge Sands, stated that "[s]ervice will be perfected on registered attorneys in CM/ECF through the Clerk's Office by electronic means. The registered attorney will receive a 'Notice of Electronic Filing' which will be the equivalent of service by mail under Federal Rule of Civil Procedure 5." (Ord. at 3.) However, "Service by electronic means is not effective if the party making service learns that the attempted service did not reach the person to be served." (Ord. at 3.)

Here, attached to Plaintiffs' motion to amend their complaint is a certificate of service stating that Amy Madigan, attorney for Plaintiffs, electronically served the motion to amend complaint upon counsel for Defendants. Also attached to the motion was the proposed amended complaint. Counsel for Defendants appears to be registered in the CM/ECF system. Thus, it seems that Plaintiffs have properly served Defendants with the proposed amended complaint. But, the proposed amended complaint had yet to be accepted by the Court when it was served; thus, the trigger starting Rule 15(a)'s 10-day period is date on which the Court accepts the amended complaint as the operative complaint. The trigger date in this case is May 19, 2005, the date this Order was entered on the docket.

## II.    Motion to Extend Discovery

Plaintiffs request the Court to extend discovery to June 22, 2005. Plaintiffs represented that Defendants do not object to the extension. Therefore, the extension is

granted; discovery shall end on June 22, 2005.

## III. Conclusion

    **A.**    Plaintiffs' motion to amend complaint (Doc. 23) is granted. Exhibit 1, which was attached to Plaintiffs' motion, shall become the operative complaint in this case. Defendants shall have no longer than 10 days after the entry of this Order to answer the amended complaint.

    **B.**    Plaintiffs' motion to extend discovery (Doc. 24) is granted; discovery shall be extended to June 22, 2005.

So ordered, this the 19th day of May, 2005.

                                            /s/ Hugh Lawson
                                          **HUGH LAWSON, Judge**

jmb